IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| DEKATRON CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 15-1167 |
| | ) | (Judge Firestone) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims (RCFC), the parties in the above-styled action respectfully submit the following joint preliminary status report:

**a. Jurisdiction**

Plaintiff, DekaTron Corporation states that this Court possesses jurisdiction to entertain this action pursuant to 28 U.S.C. §1491 because its claims are founded on an express contract with the United States. Defendant states that it is not aware at this time of any basis upon which to challenge this Court's jurisdiction.

**b. Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c. Bifurcation**

The parties agree that there is no good reason to bifurcate the trial of liability and damages this case.

### d. Deferral

The parties agree that proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

### e. Remand/Suspension

The parties do not anticipate seeking remand or suspension in this case.

### f. Joinder

The parties are not aware of any other parties requiring joinder at this time.

### g. Dispositive Motions

The Government intends to file an early motion for summary judgement on two discrete legal issues that it believes may be dispositive of all or half of the claims brought by DekaTron.

*First*, the Government intends to argue that it is entitled to judgment as a matter of law on DekaTron's claims that the Government acted in bad faith in failing to exercise options contained in an express Indefinite Delivery Indefinite Quantity (IDIQ) contract between DekaTron and the Department of Labor (DOL). Because the IDIQ contract expired on September 22, 2012, the parties' retroactive attempt to extend it by belatedly exercising "Option Year 2" two days later, on September 24, 2012, was ineffective and void. Accordingly, the Government could not have acted in bad faith when it failed to exercise subsequent Option Years 3 and 4 because those options had expired.

Plaintiff will counter that DOL's argument is a *post hoc* assertion that was never made during contract performance nor in response to Plaintiff's queries of DOL as to whether the contract option would be exercised. Plaintiff will also argue that a contractor can choose to continue to perform the contract as if the option year was properly exercised, thus waiving any deficiencies in an exercised option. Finally, Plaintiff will argue that there was no expiration of the contract. While the IDIQ contract expired on September 22, 2012, the new contract included an effective date of

September 23, 2012. Although the contract was signed on September 24, 2012, the effective date of the contract does not have to be the date the agreement was actually signed. Therefore, there was no lapse in services and no expiration of the contract. Thus, the Government could have acted in bad faith and did so when it failed to exercise subsequent Option Years 3 and 4.

*Second*, the Government intends to argue that even if Option Years 3 and 4 did not expire with the termination of the IDIQ contract on September 22, DekaTron's Option Year 4 damages are too attenuated and speculative, and must be dismissed as a matter of law.

Plaintiff will argue, however, that under settled law a tribunal may award damages for unexercised option *years* of a contract if a contractor proves that the decision not to exercise an option was a product of bad faith or so arbitrary and capricious as to be an abuse of discretion.

h.  **Relevant Factual and Legal Issues**

This case arises out of DekaTron's allegation that the decision by the DOL not to exercise the option years of an Indefinite Delivery Indefinite Quantity contract was made in bad faith.

Plaintiff claims that the Contracting Officer's Representative (COR) harassed DekaTron employees on the basis of race, sex, religion and physical disability in violation of DOL's Harassment Policy. Plaintiff further alleges that the initial COR, and his successor COR, committed other bad faith actions against DekaTron, with specific intent to injure or harm Plaintiff, and that such bad faith actions impaired or hindered Plaintiff's ability to properly and timely perform the IDIQ contract. Finally, Plaintiff alleges that the contracting officer, through her actions and inaction, concurred in the bad faith actions of both CORs, which led the contracting officer not to exercise the options years of the contract in bad faith.

DOL denies the claim, asserting that the contract at issue was not properly renewed and expired prior to the exercise of Option Year 2. Therefore DOL could not have exercised Option

Years 3 and 4, as those options expired with the unitary IDIQ contract. Even if the IDIQ contract did not expire and the options remained viable, DOL denies that its decision to not exercise the options was in bad faith. DOL further denies that the actions of the COR had any effect on the DOL's decision to not exercise the option years. DOL asserts that the opinions were not exercised because the agency's needs changed.

The parties identify the following relevant factual and legal issues:

1. Whether the IDIQ contract between DOL and DekaTron expired on September 22, 2012.

2. Whether the parties' retroactive attempt to extend the IDIQ contract and exercise Option Year 2 on September 24, 2012, was null and void, or whether there was no "retroactive attempt" and that DOL's intent to exercise the option, effective September 23, 2012 , was actually stated on September 18, 2012, prior to the effective date of the new contract.

3. Whether Option Years 3 and 4 expired on September 22, 2012, or whether such options remained exercisable in light of the fact that, through its actions, Plaintiff waived any defective notice procedures Defendant claims to have made after-the-fact.

4. Whether, if Option Years 3 and 4 remained exercisable, the DOL's decision not to exercise those options was in bad faith.

5. Whether, if Option Years 3 and 4 remained exercisable, the conduct of Andrew Rider, the initial COR on the contract, and the actions and inaction of others at DOL, had any effect on the DOL's decision not to exercise those option years.

6. If the DOL acted in bad faith in not exercising the options, the measure of damages, if any, to which DekaTron is entitled.

### i. Settlement

Plaintiff is open to entertaining any settlement discussions prompted by DOL. Based upon DOL's pursuit of a motion for summary judgment, however, Plaintiff does not see settlement discussions or ADR efforts to be useful until such time as Defendant's motion is resolved.

Defendant states that any ADR efforts would be premature until this Court resolves the legal issue of whether Option Years 3 and 4 expired when the contract terminated on September 22, 2012 and therefore the options were no longer available for the DOL to exercise.

### j. Trial

In the absence of a settlement or disposition of the case through pre-trial motions, the parties anticipate proceeding to trial. DekaTron reserves the right to request expedited trial scheduling on resolution of the anticipated motion(s) referenced above.

### k. Electronic Case Management

The parties have no special electronic case management needs.

### l. Additional Information

There is no additional information of which the Court should be aware at this time.

### m. Proposed Discovery Plan

Defendant intends to file its early motion for summary judgment by January 31, 2017. Because the outcome of the motion will likely have a significant impact on the scope of discovery, the parties propose that they submit a detailed discovery plan 14 days after the Court's ruling, if necessary.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

 s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

 s/ Ralph C. Thomas III
RALPH C. THOMAS III
BAKER, CRONOGUE, TOLLE &
   WERFEL LLP
1320 Old Chain Bridge Road, Suite 200
McLean, Virginia 22101
(703) 448-1810 - Telephone
(703) 448-3336 - Facsimile
Email: rthomas@bbttlaw.com

 s/ Igor Helman
IGOR HELMAN
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7576
Fax: (202) 514-7965
Igor.Helman@usdoj.gov

PETER J. DICKSON
COLIN W. O'SULLIVAN
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave. N.W. Suite N.2420
Washington, D.C. 20210
Telephone: (202) 693-5421
Fax: (202) 693-5538

*Attorneys for Plaintiff*

*Attorneys for Defendant*

December 29, 2016